UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Anthony Matthews, Sui Juris
PLAINTIFF

V                                          DOCKET: 3:18 cv 026

RANDY BETSINGER, Badge # 216, et al                    THOMAS M. ROSE
DEFENDANTS

                                                       MICHAEL J. NEWMAN

**CAUSE OF ACTION**

This is a formal Criminal Complaint mandated by 18 USC §4. Defendants acting in concert, systematically used negligence upon Anthony Matthews, a man of his Common Law rights by using false imprisonment, kidnapping, malicious prosecution, theft, abuse of powers, denial of his right to access to the courts, equal protection of the law and the causing him of deprivation of his life, liberty, and Private property under statutes and codes under color of law in Equity Courts in an attempt to compel performance in a forced contract causing an intentional infliction of emotional distress. (denial of full disclosure, violation of due process violation of required constitutional oaths, and violation of civil rights)

**POINTS OF LAW**

Under 18 U.S.C.§4, the law that applies to a Citizen's Criminal Complaint is the law of the place where the negligent or wrongful act or omission occurred and claims are based on the law of the state where the tort occurred. Point of Law: US Const. Article 1, section 10; US Const. Article IV, section l, Amend. 1,5,6,9,10, and 14; 18 USC subsections 3, 4, 241, 242 1001, 1621, 1622, 2071, and 2383; 42 USC section 1986, 1983; RIGHTS AND REMEDIES: UCC 1-308, UCC 1-201

1. Plaintiff, Anthony Matthews, Sui Juris is an adult man residing at c/o 435 Oxford Avenue, in Dayton OHIO.

2. Defendant, Dayton Police Department is a subsidiary corporation of the Municipal Corporation City of Dayton organized and existing under the color of law of Ohio and registered to business in Ohio with its principal place of business located 335 West Third Street in Dayton, OHIO.

3. Defendant, City of Dayton is a subsidiary corporation of the State of OHIO organized and existing under the color of law of Ohio and registered to business in Ohio with its principal place of business located in Dayton, OHIO.
4. Defendant, Randy Betsinger, Badge # 216 is an acting agent of Dayton Police Department with his principal place of doing business at 335 West Third Street in Dayton, OHIO.

## CONSTRUCTIVE NOTICE

To avoid the Dire Consequences of this Criminal Complaint, the accused/ defendants must present rebuttal by sworn counter-affidavit "specifically" stating all rebuttal to be "True, Correct, Materially Complete, and not Misleading," by "Specific Documentary Proof to the Contrary: to each point, point by point within three months Jewish (90 days statutory) from the issuance of this Criminal Complaint by Certified Return Receipt Mail to the following address:

Anthony Matthews, Sui Juris
c/o 435 Oxford Avenue
Dayton, Ohio [45402]

ALL POINTS NOT DENIED AND PROPERLY REBUTTED SHALL BE CONFESSED/AFFIRMED, BY SUCH DEFAULT, AND SHALL BE ACCEPTED AS DISPOSITIVE, CONCLUSIVE FACTS BY ACCUSED/ DEFENDANTS and/or OTHER PROPERLY DELEGATED AUTHORITY, WHO HAD THE OPPORTUNITY AND 'FAILED TO PLEAD." ALL COOUNTER-AFFIDAVITS MUST BE SIGNED WITH THE VALID LEGAL NAME OF THE RESPONDENT AND PROPERLY NOTARIZED. FICTITIOUS OR IMCOMPLEYTE NAMES OF RESPONDENTS OR THOSE NOT CONTAINING COMPLETE LEGAL FIRST, MIDDLE, AND LAST NAMES SHALL NO CONSTITUTE A VALID RESPONSE BECAUSE THEY ARE NOT PROPERLY "AUTHENTICATED". (to be properly "Authenticated", it must satisfy and HONOR the "Full Faith and Credit" requirements of the Constitution Article IV, section 1)

## PURPOSE OF THIS CRIMINAL COMPLAINT

This Criminal complaint secures the "Remedy" for the herein named peoples "Right" to obtain Lawful Remedy from any public officials who have and are continuing to violate our Creator- endowed certain "Unalienable Rights", and Freedoms secured and protected by the Lawful Constitution for the United States of America.

This instruments is being used to accuse the above-named defendants of the offense of violations of the herein listed and marked parts of the Constitution of the United States of America—the ORIGINAL and SUPREME law of the Land.


".. **One Who Interferes** with another's **LIBERTY** does so at his peril." **Knight v. Baker,** 117 Ore. 492, 244 Pac. 543, 544 (1926)

### DEFINITION OF FALSE IMPRISONMENT

**FORCEFULLY** to **deprive** a man of **FREEDOM** to go wheresoever he may is clearly a **TRESPASS**. False imprison was indeed one of the first trespasses recognized by the Common Law. **Street's Foundation of Legal Liability, Vol. P. 12, citing Bacon's Note Book, Vol. 2, P. 314 (1229), pl. 465.**

**False imprison** is classified as a tort in Common Law, and also as a crime **Kroeger v. Passmore, 36 Mont. 504, 93 Pac. 805, 807 (1908). McBeath v. Campbell, 12 S.W. 2d, 18-18, 122 (Tex. 1929)**

The Infraction of personal **LIBERTY** has ever been regarded as one of the **greatest injuries**. The **Injuries** to **LIBERTY** are principally termed *False Imprisonments*, or *Malicious Prosecutions*. Joseph Chitty, Esq., *The Practice of the Law*, vol. 1, chap. II, p. 47, London, 1837

**False imprisonment** is akin to the wrongs of assault and battery, and consists in imposing, by force or threats, an unlawful restraint upon a man's **Freedom** of **Locomotion**. Thomas Cooley, *Treatise on the Law of Torts.* 205 Iowa 752, vol. 1, 4th Ed. Sect. 109, p. 345, *Meints v. Huntington*, 276 F. 245, 248, (1921).

".. the essential elements of the action are: (1) **Detention** or **restraint** against **ONE'S WILL** and; (2) The unlawfulness of such detention or restraint. *Sergeant v. Watson Bros. Transp. Co.*, 244 Iowa 185, 52 N.W. 2d. 86, 93 (1952), *Sinclair Mining Co. v. Meek*, 62 Ga. App. 850, 10 S.E. 2d, 76, 79 (1940), *Southern Ry. Co. in Kentucky v. Shirley*, 121 Ky. 863, 90 S.W. 597, 599 (1906).

**Unlawful detention or deprivation of liberty** is the basis of an action for the **tort** of false imprisonment. Actual seizure or the laying on of hands is not necessary to constitute an unlawful detention. *Hanser v. Bieber*, 241 Mo. 326, 197 S.W. 68, 70 (1917).

Every confinement of a person is an **imprisonment**, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets. Cited by: *Fox v. McCurnin*, 205 Iowa 752, 218 N.W. 499, 501 (1928); *Sergeant v. Watson Bros Transp. Co.*, 244 Iowa 185, 52 N.W. 2d. 86, 93 (1952).

**Imprisonment** is any restraint of the personal **liberty** of another; and prevention of his movements from place to place; or his free action according to his own pleasure and will; *** it is false imprisonment when this is done without lawful authority. *Griffin v. Clark*, 53 Idaho 364, 42 p.(2d) 297, 301 (1935); citing *Cordell v. Standard Oil Co.*, 131 Kan. 221, 289 P. 472, 473 (1930); *Johnson v. Thompson*, 13 Fed. Case 840, 853, No. 7,416 (1833).

**FALSE IMPRISONMENT** is the unlawful and total restraint of the liberty of the person. The imprisonment is false in the sense of being unlawful. The right violated by this tort is "right of free locomotion". It belongs historically to the class of rights known as simple or primary rights. *** The theory of law is that one interferes with the right of locomotion of another at his own peril. *Riley v. Stone*, 174 N.C. 588; 94 S.E. 434, 440 (1917).

**FALSE IMPRISONMENT** is necessarily a wrongful interference with the personal **liberty** of an individual. The wrong may be committed by words alone or actions alone, or by both, and by

merely operating on the will of the individual, or by violence, or by both. It is not necessary that the individual to be confined within a prison, or within walls, or that he be assaulted or touched. It is not necessary that there should be any injury done to the individual's person or his character or reputation; nor is it necessary that the wrongful act be committed by malice or ill will, or even the slightest wrongful intention; nor is it necessary that the act be under color of legal or judicial proceeding. All that is necessary is that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which he fears to disregard. *Granier v. Squires,* **62 Kan. 321, 62 Pac. 1005, 1006 (1900);** *Kroeger v. Passmore,* **36 Mont. 504, 93 Pac. 805, 807 (1908).**

**FALSE IMPRISONMENT** has been well defined to be a **trespass** committed by one man against the person of another, by unlawfully arresting him and detaining him without any **legal authority**. *Riegel v.Hygrade Seed Co.,* **47 Fed. Supp. 290, 294 (1942).**

The law sets such a high value on the **liberty** of the citizen that even an attempt to unlawfully arrest is esteemed a great provocation. *Giddens v. State,* **154 Ga. 54, 113 S.E. 386, 388 (1922).**

All authorities agree that an **arrest** can be made either with or without any physical force or actually touching by the officer. *McAleer v. Good,* **216 Pa. 473, 65 Atl. 934, 935 (1907).**

In all cases in which there is no physical touching or seizure, nor any physical resistance, the intention of the parties to the transaction is to be considered. In such a case there must have been intent on the part of one of them to **arrest** or **restraint** the other, and intent of such other to submit, under the belief and impression that submission was necessary. *Johnson v. Norfolk & W. Ry. Co.,* **82 W.Va. 692, 97 S.E. 189, 191 (1918).**

**False imprisonment** is the unlawful restraint by one person of the physical liberty of another, as here used the word "false" seems to be synonymous with unlawful. *Mahan v. Adams,* **144 Md. 355, 124 A. 901, 904 (1924).**

Any exercise of force, or expressed or implied threat of force, by which in fact the other person is deprived of his liberty , compelled to remain to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment. *Black v. Clark's Greenboro Inc.,***263 N.C. 226, 193 S.E. 2d. 199, 201 (1964).**

**False imprisonment** is the unlawful arrest or detention of a person, without warrant, or by an illegal warrant, or a warrant illegally executed. *Noce v. Ritchie,* **155 S.E. 127, 128 (W.Va. 1930).**

Any restraint, however slight, upon another's liberty to come and go as he pleases, constitutes an arrest. *Turney v. Rhodes,* **42 Ga. App. 104, 155 S.E. 112 (1930).**

False imprisonment at common law and elsewhere consists in the unlawful detention <u>for any length of time</u>, whereby he is deprived of his liberty. *Sinclair Mining Co. v. Meek,* **62 Ga. App. 850, 10 S.E. 2d, 76, 79 (1940),** citing : 3 Bl. Com. 127, 12 *Amer. & Eng. Ency. of Law,* 721; 19 Cyc. 319.

Even where police officers stop a moving vehicle for a brief detention, it is sufficient to constitute an arrest.*5 Amer. Jurisprudence,* 2d, "Arrest," sect. 1, p. 296.

**False imprisonment** is defined as an act which, directly or indirectly, is a legal cause of confinement of another within boundaries fixed by the actor for any time, <u>no matter how short the duration</u>, makes the actor liable to the other. *Sergeant v. Watson Bros Transp. Co.,* **244 Iowa 185, 52 N.W. 2d. 86, 93 (1952).**

When one is approached by an officer and questioned about his identity and actions, this is only an *accosting* not an *arrest*. *Cornish v. State*, 215 Md. 64, 137 Alt. 2d. 170, 173 (1957).

## DAMAGES AND LIABILITY

**False Imprisonment** was an indictable offense at common law, and **RELIEF** by the party aggrieved was obtained by an action for **TRESPASS** *vi et armis* (with force of arms). *Meints v. Huntington*, 279 F. 245, 248, (1921), citing 3 Blackstone, Com. 127, 4 Blackstone Com. 218.

The general rule of damages in cases of **False Imprisonment** is the person causing a wrongful imprisonment is liable for all the natural and probable consequences thereof. The **Plaintiff** is entitled to **recover damages** for what the party wrongfully did. *** In *Murphy v. Countiss*, 1 Harr. (Del.) 143, in an action for trespass, assault and battery, and false imprisonment, the court held that the plaintiff could recover, not merely for the time the constable was bringing him to jail, but for the whole period of his imprisonment. And in *Mandeville v. Guernsey*, 51 Barb. (N.Y.) 99, the court said, "The arrest being wrongful, the defendant is liable for all the injurious consequences to the plaintiff which resulted directly from the wrongful act." *Knickerbocker Steamboat Co., v. Cusack*, 172 Fed. 358, 360-361 (1905).

**Unlawful interference** with or injuries to the **liberty** of a citizen is a **violation of his natural, inherent and absolute rights**, which damage results as a legal consequence. *Meints v. Huntington*, 279 F. 245, 248, (1921), citing: *Adler v. Fenton*, 24 How (65 U.S.) 407, 410 (1860).

**False imprisonment** generally includes an assault and battery, and always, at least, a technical assault. *Black v. Clark's Greenboro Inc.*, 263 N.C. 226, 193 S.E. 2d. 199, 201 (1964), 139 S.E.2d. 199, 201 (1964), It has been said that, "An illegal arrest is an assault and battery" *State v. Robinson*, 145 Me. 77, 72 A. (2d) 260. 262 (1950).

Punitive damages are ……. They are the injuries and sufferings that were intended, or occurred through malice, carelessness or negligence amounted to a wrong so reckless and wanton as to be without excuse. *Ross v. Leggett*, 61 Mich. 445, 28 N.W. 695, 697 (1886).

Anyone who assists or participates in an unlawful arrest or imprisonment is equally liable for the damages caused. Thus where a man was illegally arrested by a police officer, and was placed in a patrol wagon in which he was taken to the central station, it was held that the two officers in charge of the patrol wagon were liable, along with the arresting officer, for false imprisonment. *Cook v. Hastings*, 150 Mich. 289, 114 N.W. 71, 72 (1907).

(**false imprisonment and malicious prosecution**) There is a fundamental difference between these two charges. They are made up of different elements, enforced by different forms of action, are governed by different rules of pleading, evidence, and damages, and are subject to different defenses. *Snyder v. Thompson*, 134 Iowa 725, 35 C.J.S., False Imprisonment, sect. 4, p. 625.

**Malicious prosecution** is an action ex delicto for the recovery of damages which have proximately result to person, property, or reputation from a previous unsuccessful civil or criminal proceeding, which prosecuted without probable cause and with malice. In an action of this type, the burden rests on the plaintiff (the one bringing the suit) to establish each and all of the following propositions before being entitled to recover, to wit; (1) He was prosecuted in a criminal proceeding or civil lawsuit; (2) Defendant instigated such prosecution; (3) The prosecution termination favorable to the accused; (4) The defendant acted without probable cause; (5) Defendant acted with malice; and (6) Damages that were caused. *Sergeant v. Watson*

*Bros Transp. Co.*, 244 Iowa 185; 52 N.W. 2d. 86, 93 (1952); *Cox v. Cashio*, 96 So. 2d. 872, 874 (1957).

There is a marked distinction between **malicious prosecution** and **false imprisonment**. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is **false imprisonment**. *Colter v. Lower and Others,* 35 Ind. 285, 286-287, 9 Am. Rep. 735 (1871).

In the case of malicious prosecution the arrest or detention is procured from malicious motives and without probable cause, but was done under lawful process, whereas in false imprisonment the detention is without proper legal authority. *Stallings v. Foster,* **119 Cal. App. 2d. 614, 259 P.2d. 1006, 1009 (1953).**

(**false imprisonment** and **malicious prosecution**) In describing the distinction between these two charges, the Supreme Court of Oregon stated that foundation of the cause of action for **false imprisonment** is the right which even a guilty man has to be protected against any unlawful restraint of his personal liberty; while a **malicious prosecution** case is founded upon the right of an innocent man to be compensated in damages for any injury he may sustain when a groundless charge is brought against him, even though such charge may be presented and prosecuted in accordance with the strictest forms of law. *State v. Williams,* **45 Ore. 314, 77 Pac. 965, 969 (1904).**

"…, the **want of authority** is an essential element in any action for **false imprisonment**. Whereas malice and want of probable cause are the essential elements in an action for malicious prosecution. *Roberts v. Thomas, 135 Ky. 63,* **121 S.W. 961, 962 (1909).**

## GOOD FAITH AND PROBABLE CAUSE

**False Imprisonment** is an <u>unlawful restraint</u> of an individual's **Personal Freedom** or **Freedom of Locomotion**. <u>The good faith of the actor is no justification,</u> nor is the <u>want of probable</u> cause an essential element, as in the case of **Malicious Prosection**. *Sergeant v. Watson Bros. Transp. Co.,* **244 Iowa 185, 52 N.W. 2d. 86, 93 (1952). Citing:** *Maxwell v. Maxwell,* **189 Iowa 7, 177 N.W. 541 (1920).**

In cases of **false imprisonment**, the only essential elements of the action are "**detention and its unlawfulness.**" Thus "malice and want of probable cause need not be shown," *Sinclair Mining Co. v. Meek,* **62 Ga. App. 850, 10 S.E. 2d, 76, 79 (1940), Authorities cited,** or are "not necessary to a proper cause of action for false arrest." . *Stallings v. Foster,* **119 Cal. App. 2d. 614, 259 P.2d. 1006, 1009 (1953).**

It is well settled in law that the want of reasonable or probable cause and the want of malice are elements not entering into the actions of false imprisonment in so far as actual damages are concerned. *Carter v. Casey,* **153 S.W. 2d 744, 746 (Mo. 1941). Numerous cases cited therein.**

The question of probable cause, in its usual sense, is not involved in the action for false imprisonment. *Ehrhardt v. Wells Fargo & Co.,* **134 Minn. 58, 158 N.W. 721, 722 (1916)**

Thus according to the great weight of authority, the existence of probable cause is not an element of nor a defense to an action for false imprisonment. *Swafford v. Vermillion,* **261 P.2d 187 (Okla. 1953), See also, 35** *Corpus Juris Secundum,* **"False Imprisonment," Sect. 7 p. 631. 32**

*American Jurisprudence, "False Imprisonment," Sects. 6, 7 p. 64,* sect. 114, p. 178; *Hostetller v. Carter,* 175 Pac. 244, 246 (Okla. 1918).

A case in South Dakota developed where a sheriff had, due to mistaken identity, arrested the wrong person as an embezzler upon a warrant which did not name or describe the person to be arrested. The sheriff alleged good faith and probable cause for arresting the man. The State Supreme Court held that the fact that the sheriff acted in good faith and with probable cause was no defense, and may not be taken into account in determining the damages which will compensate the plaintiff. *Bean v. Best,* 77 S.D. 433, 93 N.W. 2d 403 (1958).

In an action for trespass and false imprisonment, probable cause and the absence of malice constitute no defense. *** In this form of action belief in the guilt of the party arrested, no matter how strong or well founded in the mind of the officer or person making the arrest, will not justify deprivation of another of his liberty; and it is unimportant whether the circumstances would lead a reasonable or prudent person to believe the accused was actually guilty. *Markey v. Griffin,* 109 Ill.App. 212 (1903).

In an action for false imprisonment, neither actual malice nor want of probable cause is an essential element necessary to a recovery of general damages. *McNeff v. Heider,* 337 P.2d 819, 821 (Ore., 1958), 35 C.J.S. , "False Imprisonment," sect. 7, p. 629-30.

A lawful imprisonment does not become unlawful because of malicious motives nor does an unlawful detention become lawful because of actuated by a laudable purpose or founded in good faith. *Thompson v. Farmers' Exchange Bank,* 333 Mo. 437, 62 S.W. (2d) 803, 811 (Mo. 1933).

All that is necessary to establish false imprisonment is that an individual be restrained of his liberty under the probable iminence of force without any legal cause or justification thereof. It is not necessary to show actual force, threat, or injury done to the individual's person, character,

## IGNORANCE OF LAW

Ignorance of the fact excuses ignorance of the law excuses not; Every man must be taken to be cognizant of the law; otherwise there is no saying to what extent the excuse of ignorance may not be carried. *Maxims of Law,* ed. C.A. Weisman, 57f. (1 Coke 177; 4 Bouvier's Institutes, n. 3828).

It has been said that an unlawful detention of imprisonment does not become lawful because done out of ignorance of the law. **35 C.J.S. , "False Imprisonment," sect. 7, p. 630.**

It is **No Defense** that a person perpetrating an **illegal arrest** or **imprisonment** is ignorant of the illegality of his acts. *Stembridge v. Wright,* 32 Ga. App. 587, 124 S.E. 115 (1924).

**False Imprisonment** is treated as a **Tort** and also as a **Crime**. *** If the conduct is unlawful, neither good faith, nor provocation, nor ignorance of the law is a defense to the person committing the wrong. crime **Kroeger v. Passmore,** 36 Mont. 504, 93 Pac. 805, 807 (1908).

 upon to do so *** he may forfeit the protection which it would otherwise afford him. *2 Ruling Case Law,* "Arrest," sect. 23, pp. 465-66.

## AS A TRESPASSER AB INITIO

It is a familiar rule of law that one who abuses an authority given him by law becomes a **TRESPASSER** *AB INITIO*. *Leger v. Warren,* **62 Ohio St. 500, 57 N.E. 506, 508 (1900).**

(The **UNLAWFUL CONFINEMENT** by an officer makes the **entire transaction**, including the arrest, unlawful and a **TRESPASS**.)

Thus **when one fails to perform part of his duty** and it **impinges** on the **Rights** of a citizen, he is said to be a **Trespasser** from the beginning **because his whole justification fails**, and **he stands as if he never had any authority at all to act.** *Brock v. Stimson,* **108 Mass. 520 (1871),** authorities cited; *Hefner v. Hunt,* **129 Me. 10, 112 A. 675, 676 (1921).**

If the plaintiff was being detained for the purpose of arrest, it was the duty of the arresting officer to take him before an examining magistrate as soon as the nature of the circumstances reasonably permit. The power to arrest does not confer upon the arresting officer the power to detain a prisoner for other purposes. *Geldon v. Finnegan et al.,* **213 Wis. 539, 252 N.W. 369, 372 (1934).**

## DISTORTION OF FUNDAMENTL LAW
## DUE PROCESS NEGLECTED

**NO FREE MAN** shall be taken, or imprisoned, or disposed *** except by the legal judgment of his peers or the law of the land. *Magna Carta.*

(The word **"TAKEN"** has sometimes been translated as **"Seized"** and **"Arrested."** The phrase "**law of the land**" means the same as "**due process of law,**" and refers to the **law already established in the land**.) Thus no one could be arrested except by the established common law that prevailed in the land. It does not mean some new law the legislature might devise. *Life Liberty and Property,* **Charles A. Weisman.**

**Damages awarded; TREZEVANT V. CITY OF TAMPA, 241 F2D.336 (11ᵀᴴ CIR. 1984)- Motorist illegally held for 23 minutes in a traffic charge was awarded $25,000.00 dollars in damages. The above case sets the foundation of $75,000.00 per hour or $180,000.00 dollars per day for false arrest/false imprisonment.** This declaration which is being claimed upon demand of a Driver's License, registration, or other papers, is a part of the official record of any ensuing action and must be introduced as evidence in said action. Note that any willful suppression of evidence is a felony. Any cause for action will result under **title 42, Section 1983 U.S.C., Title 18 section 241**, which describes a fine & 10 years in prison **or both**.

"**Qualified immunity defense** FAILS if **public officer** violates **clearly established right** because a **reasonably competent official should know the law governing his conduct**" Jones vs. Counce 7-F3d-1359-8ᵗʰ Cir 1993; Benitez v Wolff 985-F3d 662 2ⁿᵈ Cir 1993

## STATEMENT OF FACTS

1. That on January 19, 2018, at or about 18:23 p.m., Plaintiff, Anthony Matthews was traveling in his Private Conveyance also known under color of law as (vehicle) at a reasonable rate, not speeding or otherwise violating any moving vehicle codes or statutes under color of law.
2. That on the same date and time, Defendant Randy Betsinger, badge # 216, stopped the Private Conveyance on Catalpa Drive in Dayton Ohio and gave no legitimate reason for stopping Plaintiff, Anthony Matthews.
3. That Defendant, Randy Betsinger, asked Plaintiff, Anthony Matthews for a driver's license.
4. Plaintiff, Anthony Matthews, stated that he is not driving but is merely traveling in his Private Conveyance.
5. Defendant, Randy Betsinger then asked Plaintiff to get out of the car.
6. Plaintiff, Anthony Matthews, stated that he will not leave his Private Property.
7. Defendant, Randy Betsinger made several attempts to persuade Plaintiff from his Private Property, in which Plaintiff declined on all occasions.
8. Defendant, Randy Betsinger then pulled the door of the Private Conveyance and opened it while screaming I'm gonna call back and we will forcefully remove you in a threatening voice at the Plaintiff, Anthony Matthews and stated we will hurt you.
9. Plaintiff, Anthony Matthews, being threatened by Randy Betsinger with doing bodily harm to his person, then put up his hands and left the Private Conveyance against his will and requested his badge number and the correct spelling of his name.
10. Defendant Randy Betsinger then began going through the pockets of Plaintiff without his consent.
11. Plaintiff, Anthony Matthews, stated that he does not consent to any search of any kind and that he can provide proper documents as to the Private Property filed upon his UCC financing statement. See attached
12. Defendant, Randy Betsinger continued the search and stated, "yeah I know you are exercising your rights".
13. Defendant, unknowned Dayton Police officer then detained Plaintiff and put him on the curb in weather that was cold in climate.
14. Randy Betsinger then continued to search the Private Conveyance of Plaintiff, Anthony Matthews.
15. Defendant approached Plaintiff while he was standing on the curb in the cold and stated that "I am having your vehicle towed".
16. Plaintiff, Anthony Matthews, stated that he just wants to be on his way in his Private Conveyance.
17. Plaintiff, Anthony Matthews, was held and detained for statutes and codes violation under color of law.
18. At all times, Defendant, Randy Betsinger, Badge # 216 and unidentified Police officers was acting under color of law for the Dayton Police Department and the Municipal Corporation City of Dayton.
19. At all times, Defendant, Dayton Police Department was acting under color of law for the State of Ohio and the Municipal Corporation City of Dayton.

## STATEMENT OF FACTS

1. That on January 19, 2018, at or about 18:23 p.m., Plaintiff, Anthony Matthews was traveling in his Private Conveyance also known under color of law as (vehicle) at a reasonable rate, not speeding or otherwise violating any moving vehicle codes or statutes under color of law.
2. That on the same date and time, Defendant Randy Betsinger, badge # 216, stopped the Private Conveyance on Catalpa Drive in Dayton Ohio and gave no legitimate reason for stopping Plaintiff, Anthony Matthews.
3. That Defendant, Randy Betsinger, asked Plaintiff, Anthony Matthews for a driver's license.
4. Plaintiff, Anthony Matthews, stated that he is not driving but is merely traveling in his Private Conveyance.
5. Defendant, Randy Betsinger then asked Plaintiff to get out of the car.
6. Plaintiff, Anthony Matthews, stated that he will not leave his Private Property.
7. Defendant, Randy Betsinger made several attempts to persuade Plaintiff from his Private Property, in which Plaintiff declined on all occasions.
8. Defendant, Randy Betsinger then pulled the door of the Private Conveyance and opened it while screaming I'm gonna call back and we will forcefully remove you in a threatening voice at the Plaintiff, Anthony Matthews and stated we will hurt you.
9. Plaintiff, Anthony Matthews, being threatened by Randy Betsinger with doing bodily harm to his person, then put up his hands and left the Private Conveyance against his will and requested his badge number and the correct spelling of his name.
10. Defendant Randy Betsinger then began going through the pockets of Plaintiff without his consent.
11. Plaintiff, Anthony Matthews, stated that he does not consent to any search of any kind and that he can provide proper documents as to the Private Property filed upon his UCC financing statement. See attached
12. Defendant, Randy Betsinger continued the search and stated, "yeah I know you are exercising your rights".
13. Defendant, unknowned Dayton Police officer then detained Plaintiff and put him on the curb in weather that was cold in climate.
14. Randy Betsinger then continued to search the Private Conveyance of Plaintiff, Anthony Matthews.
15. Defendant approached Plaintiff while he was standing on the curb in the cold and stated that "I am having your vehicle towed".
16. Plaintiff, Anthony Matthews, stated that he just wants to be on his way in his Private Conveyance.
17. Plaintiff, Anthony Matthews, was held and detained for statutes and codes violation under color of law.
18. At all times, Defendant, Randy Betsinger, Badge # 216 and unidentified Police officers was acting under color of law for the Dayton Police Department and the Municipal Corporation City of Dayton.
19. At all times, Defendant, Dayton Police Department was acting under color of law for the State of Ohio and the Municipal Corporation City of Dayton.

20. At all times, Plaintiff, Anthony Matthews, did assert his Common Law rights and has denied all other jurisdictions until asserted and proved.
21. The Defendants have attempted to bias court proceedings through threats, intimidation and incarceration.
22. The Plaintiff, Anthony Matthews, has brought forth charges that in this case are within the jurisdiction of this agency.
23. Ohio has adopted the Uniform Commercial Code.
24. The Defendants have proceeded in a summary fashion and not according to the rules of procedure of the Common Law.
25. The Defendants are apparently conspiring to defeat the legal/civil rights of the Plaintiff, negligently.
26. The Defendants have proceeded in a jurisdiction foreign to the Common Law.
27. Plaintiff was detained and in custody for approximately ½ hour.
28. **COLOR OF LAW-** the appearance or semblance, without the substance of legal right. Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of court. Black's Law Dictionary, 6th Edition.
29. **NEGLIGENCE-** a suffering of involuntary custody is negligence under TCA.

    An individual who was negligently confined and that those agents knew or should have known that Plaintiff was being put into an unsafe situation was negligent. Cline v U.S. Department of Justice, 525 F. Supp. 825 (D.S.D. 1981)
30. **ELEMENTS OF FALSE IMPRISONMENT-**

    a. The defendant intended to confine you
    b. You were aware of the confinement
    c. You did not consent to the confinement
    d. The confinement was not otherwise privileged
31. **ELEMENTS OF EMOTIONAL DISTRESS-**

    a. The defendants acted in a way that is extreme or outrageous for the purpose of causing emotional distress.
    b. The Plaintiff actually suffered severe or extreme emotional distress.
    c. The defendants conduct caused the emotional distress.
32. Defendants use of malicious prosecution violates Plaintiff's Common Law and Constitutional Rights.
    a. Ohio Home Rule Charter expressly prohibits home rule municipalities from "defining or providing for the punishment of any felony or misdemeanors".
    b. Ohio Home Rule Charter prevents any municipalities with a home rule charter from defining or providing for the punishment of any felony or misdemeanors but of a parochial matter.
    c. Defendants falsely detain under color of law.
    d. Defendants falsely imprison under color of law.
    e. Defendants falsely accuse, and detain Plaintiff under color of law.
    f. Defendants deprive Plaintiff of Private Property under color of law.
    g. Defendants attempt to prosecute matters in the name of the State of Ohio.

  h. Defendants flagrantly force and bully contracts upon Plaintiff with threats and intimidation.
33. Defendants use of abuse of process violates Plaintiff's Common Law and Constitutional Rights when:
    a. Ohio Home Rule Charter expressly prohibits home rule municipalities from "defining or providing for the punishment of any felony or misdemeanors".
    b. Ohio Home Rule Charter prevents any municipalities with a home rule charter from defining or providing for the punishment of any felony or misdemeanors but of a parochial matter.
    c. Defendants falsely detain under color of law.
    d. Defendants falsely imprison under color of law.
    e. Defendants falsely accuse, detain Plaintiff under color of law.
    f. Defendants deprive Plaintiff of Private Property under color of law.
    g. Defendants attempt to prosecute matters in the name of the State of Ohio.
    h. Defendants flagrantly force and bully contracts upon Plaintiff with threats and intimidation.
34. Defendants use of false imprisonment violates Plaintiff's Common Law and Constitutional Rights when:
    a. Ohio Home Rule Charter expressly prohibits home rule municipalities from "defining or providing for the punishment of any felony or misdemeanors".
    b. Ohio Home Rule Charter prevents any municipalities with a home rule charter from defining or providing for the punishment of any felony or misdemeanors but of a parochial matter.
    c. Defendants falsely arrest and detain under color of law.
    d. Defendants falsely imprison under color of law.
    e. Defendants falsely accuse, detain and imprison Plaintiff under color of law.
    f. Defendants deprive Plaintiff of Private Property under color of law.
    g. Defendants attempt to prosecute matters in the name of the State of Ohio.
    h. Defendants flagrantly force and bully contracts upon Plaintiff with threats and intimidation.
35. Defendants use of intentional infliction of emotional distress violates Plaintiff's Common Law and Constitutional Rights when:
    a. Ohio Home Rule Charter expressly prohibits home rule municipalities from "defining or providing for the punishment of any felony or misdemeanors".
    b. Ohio Home Rule Charter prevents any municipalities with a home rule charter from defining or providing for the punishment of any felony or misdemeanors but of a parochial matter.
    c. Defendants falsely arrest and detain under color of law.
    d. Defendants falsely imprison under color of law.
    e. Defendants falsely accuse, arrest and imprison Plaintiff under color of law.
    f. Defendants deprive Plaintiff of Private Property under color of law.
    g. Defendants attempt to prosecute matters in the name of the State of Ohio.
    h. Defendants flagrantly force and bully contracts upon Plaintiff with threats and intimidation.

36. Defendants show a negligent and deliberate indifference to violation to Plaintiff's Common Law and Constitutional Rights when giving to litigation State of Ohio does not make the district attorney 'the' State of Ohio.
    a. Ohio Home Rule Charter expressly prohibits home rule municipalities from "defining or providing for the punishment of any felony or misdemeanors".
    b. Ohio Home Rule Charter prevents any municipalities with a home rule charter from defining or providing for the punishment of any felony or misdemeanors but of a parochial matter.
    c. Defendants falsely arrest and detain under color of law.
    d. Defendants falsely imprison under color of law.
    e. Defendants falsely accuse, arrest and imprison Plaintiff under color of law.
    f. Defendants deprive Plaintiff of Private Property under color of law.
    g. Defendants attempt to prosecute matters in the name of the State of Ohio.
    h. Defendants flagrantly force and bully contracts upon Plaintiff with threats and intimidation.
37. The Home Rule Charter makes the City of Dayton a corporation and its Charter is the organic law of the corporation. Respondents are unjustly enriching themselves.
38. The Dayton Police Department is a subsidiary agency of the City of Dayton.
39. **Charter-** a document issued by the government [sovereign] establishing a corporate entity. See articles of incorporation. Barron's Law Dictionary, 6th edition
40. **Articles of Incorporation-** the instrument which creates a corporation, pursuant to the general corporation laws of the state. Barron's Law Dictionary, 6th edition
41. **Home Rule-** means of apportioning power between state and local government by the granting of 'power to the electorate of a local governmental unit to frame and adopt a charter of government'. The effect of this grant is to enable local government to legislate without first obtaining permission from state legislatures. Barron's Law Dictionary
42. The agent of Dayton Police Department has made legal determination that it has authority under the jurisdiction that it is operating to ignore the Common Law and sections of the Uniform Commercial Code which has been called to its attention.
43. The Dayton Police Department has made a legal determination that it has authority to conduct a criminal action against me, under a secret jurisdiction, the rules of which are known only to that agency, thereby denying me the right to defend in my own person and denying me my Private Property, which is theft.
44. The Plaintiff has repeatedly not accepted any implied, presumed or assumptions in any court proceeding and reserves his right not to contract with the corporate municipality, but under duress. Accordingly, the Supreme Court has repeatedly and consistently ruled that there is no requirement that anyone consent with anything, that no one can be compelled to enter into a contract unwillingly with another including municipal corporations and State corporations. What the City of Dayton and the agents of Dayton Police Department fails to remember is that government power is derived from the (consent) of the governed, under the Constitution.
45. The Dayton Police Department and its agent have misapplied the statutes, which exceeds the boundaries of their authority, their orders and pronouncements therefore are void. The Defendants' misapplications of the statutes are not justified as harmless error but merely as their inability to accept personal responsibility for their treasonous

activities and behaviors. The standard for determining what counts as a "harmless error" in Federal Habeas petitions was established in Brecht v Abrahamson, 507 US. 619, 623; 113 S.Ct. 1710, 1714; 123 L.Ed. 2d 353, 363 (1993)

All of which caused pain and suffering accompanied by a period of negligence and a false imprisonment and gives the Plaintiff no other recourse in the matter.

As a direct and proximate result of Defendants' conduct, Plaintiff has been deprived of Private Property and forced a ransom to retrieve his own property as it is not registered as State property.

As a direct and proximate result of Defendants' conduct, Plaintiff has in the past suffered a loss of liberty.

As a direct and proximate result of Defendants' conduct, Plaintiff has in the past and still suffers from irreparable harm.
As a direct and proximate result of Defendants' conduct, Plaintiff has in the past and still suffers from emotional trauma.

As a direct and proximate result of Defendants' conduct, Plaintiff has in the past and still suffers from mental anguish.

As a direct and proximate result of Defendants' conduct, Plaintiff has in the past and still suffers from violations and deprivations of his Common Law and Constitutional Rights.

Plaintiff has been and will continue to be irreparable injured by the conduct of the Defendants unless he is granted relief with money damages.

## RELIEF REQUESTED

I. Grant compensatory damages of $5,000,000 to Plaintiff.
II. Prevent Defendants' from future and further negligence and harassment with temporary injunction and/or restraining order to Plaintiff.
III. Prevent Defendants from future and further negligence and harassment with false imprisonment and intentional infliction of emotional distress and from preventing him from further deprivation of his liberty and Private Property.
IV. REVOKE Bonding Number for badge #216 for breach of bonding.

**WHEREFORE**, Plaintiff requests an immediate and expedited decision or full faith settlement for theft, negligence, false imprisonment, and intentional infliction of emotional distress.

Respectfully and Without Prejudice,

Anthony Matthews, Sui Juris
c/o 435 Oxford Avenue
Dayton, OH [45402]