UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY MATTHEWS,

    Plaintiff,

vs.

DAYTON POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 3:18-cv-26

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

# REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION (DOC. 18) BE DENIED
_____

This civil case is before the Court on *pro se* Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction. Doc. 18. Defendants the City of Dayton ("the City") and Randy Betsinger filed a memorandum in opposition to Plaintiff's motion. Doc. 19. Finding that *pro se* Plaintiff has failed to meet his burden of showing that issuance of a TRO or a preliminary injunction is appropriate, the undersigned **RECOMMENDS** that *pro se* Plaintiff's motion be **DENIED**.

This case arises from a traffic stop that occurred on January 19, 2018. Doc. 1 at PageID 10. On that date, Defendant Randy Betsinger, a police officer employed by Defendant Dayton Police Department, stopped a vehicle in which Plaintiff was traveling. *Id*. Officer Betsinger requested and ultimately demanded that Plaintiff exit the vehicle and Plaintiff complied. *Id*. Plaintiff alleges that he was then detained and his car towed by Defendant Sandy's Towing Service. *Id*.; *see also* doc. 14 at PageID 100. No further factual allegations are asserted at this time.

Plaintiff filed his *pro se* complaint in this case on January 24, 2018, purporting to assert criminal charges against Defendants under 18 U.S.C. § 4, a criminal statute prohibiting misprision of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

a felony.² However, 18 U.S.C. § 4 is a criminal statute that does not provide a private right of action to individuals. *See Mohwish v. Gentry*, Nos. 97-5331, 97-5417, 1998 WL 466567, at *2 (6th Cir. July 31, 1998); *Apollo v. Peake*, 306 F. App'x 584, 587 (Fed. Cir. 2009); *Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb. 16, 2005); *Voinche v. Obama*, 428 F. App'x 2, 4 (D.C. Cir. 2011); *DuBose v. Kasich*, No. 2:11-CV-00071, 2013 WL 164506, at *2 (S.D. Ohio Jan. 15, 2013); *Defluiter v. Ohio*, No. 2:08-CV-863, 2009 WL 773923, at *1 (S.D. Ohio Mar. 19, 2009), *report and recommendation adopted*, No. 2:08-CV-863, 2009 WL 936440 (S.D. Ohio Apr. 7, 2009). The undersigned, however, liberally construes *pro se* Plaintiff's complaint to assert alleged constitutional violations under 42 U.S.C. § 1983 arising from the stop of his car, his detention, and the subsequent towing of his vehicle. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (stating that "[a] document filed *pro se* is 'to be liberally construed'").

Plaintiff presents no evidence in support of his motion for a preliminary injunction or TRO. *Id*. The Court, however, in the interest of justice, has carefully considered and liberally construed Plaintiff's motion, the allegations in his complaint, and the attachments appended thereto in deciding his motion. Finding no evidentiary hearing required, *see Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (stating that "a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law"), Plaintiff's motion is ripe for decision.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "The purpose of a preliminary injunction is simply to preserve the status quo[,]" *United States v. Edward Rose & Sons*, 384 F.3d 258,

---

² Title 18, Section 4 of the United States Codes states that, "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 4.

261 (6th Cir. 2004), *i.e.*, "to preserve the parties' relative positions in order to prevent irreparable injury prior to trial." *Montgomery v. Carr*, 848 F. Supp. 770, 779 (S.D. Ohio 1993). Notably, "the standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same." *Planned Parenthood of Greater Ohio v. Hodges*, 188 F. Supp. 3d 684, 688–89 (S.D. Ohio 2016). Therefore, the undersigned will analyze Plaintiff's request for a TRO and a preliminary injunction together.

In deciding whether a TRO or preliminary injunction should issue, four factors must be examined: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet*, 305 F.3d at 573. "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id.*; *but cf. Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982) (stating that "[d]espite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required . . . irreparable harm before an interlocutory injunction may be issued").

Here, *pro se* Plaintiff has not demonstrated a strong likelihood of succeeding on the merits of his claims. *See* doc. 19 at PageID 13-34. He presents no actual evidence in support of his motion and the allegations set forth therein are conclusory insofar as he alleges constitutional violations.

Even if Plaintiff did sufficiently show a likelihood of success on the merits, the Court finds no irreparable injury in the absence of a TRO or preliminary injunction. Plaintiff alleges only past violations, not any ongoing or potential future constitutional violation. Should Plaintiff ultimately prevail in this case, he has failed to demonstrate that money damages are inadequate to address his alleged past injuries. *See Buckingham Corp. v. Karp*, 762 F.2d 257, 262 (2d Cir. 1985) (finding past injury, rather than ongoing future injury insufficient to support issuance of a preliminary injunction); *Conn v. Deskins*, 199 F. Supp. 3d 1172, 1175 (E.D. Ky. 2016) (finding past alleged constitutional

violations insufficient to show imminent irreparable injury); *cf. Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009).

The absence of an irreparable injury here weighs heavily against issuance of the requested TRO and preliminary injunction. *See Friendship Materials, Inc.*, 679 F.2d at 102–03 (stating that, at least where a constitutional violation is not at issue, "this court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief"); *Harris v. United States*, 745 F.2d 535, 536 (8th Cir. 1984) (holding that "the absence of a showing of irreparable harm is, in itself, sufficient grounds upon which to deny a preliminary injunction"); *see also Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No. 1:16 CV 2395, 2016 WL 6581813, at *4 (N.D. Ohio Nov. 7, 2016) (addressing only "the irreparable harm factor because plaintiff has failed to show that it will suffer any irreparable injury if the Court denies its motion"). In light of the foregoing, and finding no public interest furthered by the issuance of the requested TRO or preliinary injunction, the undersigned **RECOMMENDS** that *pro se* Plaintiff's motion (doc. 18) be **DENIED**.

Date:   May 14, 2018                                s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).