UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY MATTHEWS,

       Plaintiff,                              Case No. 3:18-cv-26

vs.

DAYTON POLICE DEPARTMENT, *et al.*,     District Judge Thomas M. Rose
                                              Magistrate Judge Michael J. Newman

       Defendants.

---

**ORDER AND ENTRY: (1) GRANTING, *NUNC PRO TUNC*, *PRO SE* PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 10); (2) DEEMING THIS CASE PROPERLY BEFORE THE COURT ON *PRO SE* PLAINTIFF'S AMENDED COMPLAINT (DOC. 14); (3) STAYING THE PARTIES' RULE 26(f) CONFERENCE AND THE ISSUANCE OF A SCHEDULING ORDER PENDING DISPOSITION OF DEFENDANT SANDY'S TOWING SERVICE'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 17); (4) DENYING DEFENDANT'S MOTION TO STRIKE (DOC. 28); (5) PERMITTING THE FILING OF PLAINTIFF'S SURREPLY AND DEFENDANT'S SUR-SURREPLY (DOCS. 26, 28); AND (6) DENYING *PRO SE* PLAINTIFF'S MOTION TO COMPEL (DOC. 29)**

---

This is a civil case in which *pro se* Plaintiff asserts claims under 42 U.S.C. § 1983. *Pro se* Plaintiff filed his original complaint in this case on January 24, 2018. Doc. 1. On April 11, 2018, Plaintiff moved for leave to amend his complaint. Doc. 10. While his motion for leave remained pending for the Court's consideration, *pro se* Plaintiff filed his amended pleading. Doc. 14. Although the amended complaint was thus improperly filed without leave of Court first being granted, Defendants nevertheless filed answers directed to the amended complaint. Docs. 15, 16. There being no prejudice to Defendants, and in the interests of justice, *pro se* Plaintiff's motion for leave (doc. 10) is **GRANTED** *nunc pro tunc*. Accordingly, this case is now properly before the Court on *pro se* Plaintiff's amended complaint (doc. 14).

Shortly after *pro se* Plaintiff filed his amended complaint, Defendant Sandy's Towing Service ("Sandy's") filed a motion for judgment on the pleadings addressed to both the original

and amended complaint. Doc. 17. *Pro se* Plaintiff filed a memorandum in opposition to Sandy's

motion (doc. 21) and, subsequently, Sandy's filed a reply memorandum (doc. 25). *Pro se* Plaintiff,

without having been granted leave, improperly filed a surreply to Sandy's reply and, as a result,

Sandy's moved to either strike Plaintiff's response or, alternatively, to permit it leave to submit a

sur-surreply. Doc. 28. In the interests of justice, the Court **PERMITS** *pro se* Plaintiff's filing of

a surreply (doc. 26), **DENIES** Sandy's motion to strike and, instead, **GRANTS** Sandy's request

for leave to submit its sur-surreply (doc. 28) -- which the Court deems filed as of June 13, 2018.

Sandy's motion for judgment on the pleadings will be addressed by the undersigned in a

separately filed Report and Recommendation. Because Sandy's motion for judgment on the

pleadings remains pending, the Court finds good cause exists to **STAY** the required Rule 26(f)

conference between the parties and, further, to **STAY** issuance of a scheduling order. Such stay

will be lifted upon final disposition of Sandy's motion for judgment on the pleadings.

Finally, *pro se* Plaintiff has filed a motion to compel discovery (doc. 29), which Defendants

oppose (docs. 30, 31). Because discovery has not yet commenced in this case, *see* Fed. R. Civ. P.

26(d)(1), *pro se* Plaintiff's motion to compel (doc. 29) is **DENIED**.

    **IT IS SO ORDERED.**

Date:  <u>July 16, 2018</u>                        <u>s/ Michael J. Newman</u>
                                                      Michael J. Newman
                                                      United States Magistrate Judge