UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY MATTHEWS,

    Plaintiff,

vs.

RANDY BETSINGER, *et al.*,

    Defendants.

Case No. 3:18-cv-26

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S FEDERAL CLAIMS BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B); (2) DEFENDANT SANDY'S TOWING AND RECOVERY'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 17) BE DENIED AS MOOT; (3) THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER *PRO SE* PLAINTIFF'S STATE LAW CLAIMS; AND (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

This is a civil rights case wherein *pro se* Plaintiff Anthony Matthews ("Matthews") asserts, *inter alia*, claims under 42 U.S.C. § 1983 arising from a traffic stop that occurred on January 19, 2018 in Dayton, Ohio. *See* doc. 14. The undersigned recently granted Matthews leave to file an amended complaint (doc. 33) and, because Matthews is proceeding in this case *pro se*, the undersigned is required to conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). In addition to the § 1915 initial review, this case is also presently before the Court on the motion for judgment on the pleadings filed by Defendant Sandy's Towing and Recovery, Inc. ("Sandy's"). Doc. 17. Matthews filed a memorandum in opposition to Sandy's motion (doc. 21) and, thereafter, Sandy's filed a reply (doc. 25).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the amended complaint filed by Matthews. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court "shall dismiss [a] case at any time if [it] determines that . . . the action or appeal . . . fails to state a claim upon which relief can be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In conducting an initial review under § 1915, the Court accepts Matthews's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**II.**

As noted above, this case arises from a traffic stop that occurred on January 19, 2018. *See* doc. 19-1. On that date, Matthews was operating a vehicle in Dayton, Ohio. Doc. 1 at PageID 9. After Matthews failed to stop at a stop sign, Dayton Police Officer Randy Betsinger stopped Matthews on Catalpa Drive in Dayton. *Id.*; *see also* doc. 19-1 at PageID 136. When Matthews was unable to produce a valid driver's license upon request, Betsinger asked Matthews to exit the vehicle. *Id.* Matthews initially refused to exit the vehicle, but subsequently complied when Betsinger threatened to forcibly remove him. *Id.*

Once Matthews exited the vehicle, Betsinger searched Matthews's pockets, informed Matthews that the car was going to be towed, and then searched the vehicle.[2] *Id.* Matthews does not allege that he was actually arrested; only that he was detained on the curb in the cold during

---

[2] Matthews asserts no claims regarding the search of his person or vehicle.

the traffic stop. *See* doc. 1 at PageID 9. During the stop, Betsinger gave Matthews a citation charging him with three offenses: (1) driving under suspension in violation of Ohio Rev. Code § 4510.11; (2) driving without a license in violation of Ohio Rev. Code § 4510.12(A); and (3) failing to stop at a stop sign in violation of Dayton City Ordinance § 71.44(B). Doc. 19-1 at PageID 137. The citations issued to Betsinger included a summons to appear in the Dayton Municipal Court on January 29, 2018. *Id.*

On January 24, 2018, just days after the traffic stop, Matthews commenced this civil action by filing his original complaint in this Court. *See* doc. 1 at PageID 9. The undersigned has liberally construed Matthews's original complaint to assert alleged constitutional violations under 42 U.S.C. § 1983. *See Matthews v. Dayton Police Dep't*, No. 3:18-CV-26, 2018 WL 2191394, at *1 (S.D. Ohio May 14, 2018), *report and recommendation adopted sub nom. Matthews v. Betsinger*, No. 3:18-CV-026, 2018 WL 3609489 (S.D. Ohio July 27, 2018). In his original complaint, Matthews specifically asserted, *inter alia*, claims of malicious prosecution and false imprisonment under 42 U.S.C. § 1983 (doc. 1)[3] -- claims which require Matthews to show the absence of probable cause supporting his detention and prosecution.[4] *Gorcaj v. Medulla*, 51 F. App'x 158, 159 (6th Cir. 2002) (holding that a "section 1983 claim based on theories of . . . false imprisonment and malicious prosecution . . . turns on the question of probable cause").

---

[3] Matthews also purports to assert a claim of abuse of process. *See* doc. 1 at PageID 12. However, "a federal abuse of process claim does not exist in the law of this circuit." *Rapp v. Dutcher*, 557 F. App'x 444, 448 (6th Cir. 2014).

[4] In his original complaint, Matthews sought to assert criminal charges against Defendant under 18 U.S.C. § 4. However, 18 U.S.C. § 4 is a criminal statute that does not provide a private right of action to individuals. *See Matthews*, 2018 WL 2191394 at *1. In his amended complaint, Matthews purports to assert claims under 18 U.S.C. §§ 242 and 245. *See* doc. 14 at PageID 99. No private cause of action exists for alleged violations of those statutes, however. *See Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002). Accordingly, such claims are frivolous and should be dismissed.

On March 13, 2018, Matthews was found guilty and convicted of driving without a license in violation of Ohio Rev. Code § 4510.12(A) and failing to stop at a stop sign in violation of Dayton Municipal Code § 71.44(B). Doc. 19-1 at PageID 136. The charge for driving under suspension was withdrawn. Matthews did not appeal these convictions within the time period set forth by Ohio law. *See* Ohio App. R. 4.

On May 2, 2018, Matthews, with leave of court (doc. 33), filed an amended complaint in this civil case in which he purports to add factual allegations against Sandy's -- *i.e.*, that Sandy's removed his vehicle "to their place of business and attempted to charge [him] a fee for his own property back, while on the assumed authority of the Dayton Police Department." *See* doc. 14 at PageID 100. Matthews, in his amended complaint, omits the detailed allegations he previously set forth in his original complaint. *See* doc. 1 at PageID 9; doc. 14 at PageID 99-101. Although Matthews's amended complaint supersedes and nullifies the original complaint, *see Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008), in the interest of justice, the undersigned will consider the facts and claims asserted in both the original and amended complaints in conducting this initial review under 28 U.S.C. § 1915(e).

**III.**

The undersigned first notes that the caption of Matthews's original complaint specifically names only Betsinger as a Defendant to this action. Doc. 1 at PageID 1. Similarly, Matthews's amended complaint lists only Betsinger as a Defendant in the caption. Doc. 14 at PageID 99. Although the City of Dayton ("the City") and Sandy's have appeared in the case, they are arguably not properly named Defendants in this action. *See* Fed. R. Civ. P 10(a); *Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, at *1 n. 1 (S.D. Ohio May 6, 2011); *Bailey v. Ruehlman*, No. 3:16-CV-5, 2016 WL 498877, at *2 (S.D. Ohio Feb. 9, 2016), *report and recommendation adopted*,

No. 3:16-CV-005, 2016 WL 3194772 (S.D. Ohio June 9, 2016). Nevertheless, in conducting this initial review, the undersigned assumes, *arguendo*, that the City, Sandy's, and Betsinger have all been properly named as Defendants.

The Court next addresses Matthews's civil rights claims asserted under § 1983. "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)). With regard to Sandy's, Matthews's allegations are wholly insufficient to establish that Sandy's is a state actor subject to liability under § 1983. *See Partin v. Davis*, 675 F. App'x 575, 586-87 (6th Cir. 2017). Accordingly, Matthews's § 1983 claims against Sandy's must be dismissed.

Matthews's § 1983 claims against Betsinger and the City fail for different reasons. As noted above, Matthews alleges claims of malicious prosecution and false imprisonment/unlawful detention.[5] To succeed on a malicious prosecution claim, Matthews must allege and prove a "lack of probable cause for the criminal prosecution" and that "the criminal proceeding . . . resolved in [his] favor." *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations omitted). As set forth above, Matthews was ultimately convicted of two underlying traffic offenses and, thus, he is estopped from showing the absence of probable cause. *See Fannon v. Patterson*, No. 3:13-CV-14, 2014 WL 4273337, at *4 (S.D. Ohio Aug. 29, 2014) (holding that "a finding of guilt in the underlying criminal prosecution 'estop[s] plaintiff[ ] from ... asserting in federal court that the

---

[5] Matthews also arguably alleges claims a denial of access to the courts and equal protection violations. *See* doc. 1 at PageID 1. However, such claims are unsupported by any factual allegations and, therefore, are subject to dismissal.

defendant police officers acted without probable cause'"). Thus, dismissal of his malicious prosecution claims against Betsinger and the City is proper as a matter of law.

With regard to Matthews's § 1983 claim for false imprisonment/unlawful detention, it is clear that "[s]topping and detaining a motorist constitute[s] a seizure within the meaning of the Fourth Amendment even if the purpose of the stop is limited and the resulting detention quite brief." *Hoover v. Walsh*, 682 F.3d 481, 493 (6th Cir. 2012) (internal quotations omitted). However, similar to a claim of malicious prosecution, a successful false imprisonment/unlawful detention claim requires the absence of probable cause, *Fannon*, 2014 WL 4273337 at *3, which again, Matthews is estopped from arguing. *See supra*; *see also Hoover*, 682 F.3d at 493 (holding that "a traffic stop is justified when a police officer . . . has probable cause to believe that a civil traffic violation has been committed"). Further, in his initial and amended complaints, Matthews alleges no factual allegations that his detention lasted "longer than [was] necessary to effectuate the purpose of the stop[.]" *United States v. Winters*, 782 F.3d 289, 296 (6th Cir. 2015). Accordingly, Matthews fails to state a false imprisonment/unlawful detention claim against Betsinger and the City.

In his amended complaint, Matthews also purports to assert a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq*. *See* doc. 14 at PageID 99. To prevail on a civil RICO claim, one must show: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). To demonstrate "a pattern of racketeering activity[,]" one must show "two acts of racketeering activity within ten years of each other[,]" that the racketeering acts "are related, and that they amount to or pose a threat of continued activity." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 795 (6th Cir. 2012). No such allegations are pled here. Matthews's

6

allegations with regard to his civil RICO claim are, thus, wholly insufficient to state a cause of action and, therefore, such claim should be dismissed.

Any remaining claims which can be liberally construed to be asserted by Matthews all arise under Ohio law. "Once [a] district court dismisse[s] all of the claims over which it ha[s] original jurisdiction, it act[s] squarely within its discretion by declining supplemental jurisdiction over the remaining [state law] claim[s] and dismissing [them] without prejudice." *Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011) (citing 28 U.S.C. § 1367(c)(3)). To the extent Matthews's allegations could reasonably be construed to allege state law claims, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any such claims. *See* 28 U.S.C. § 1367(c)(3).

## IV.

Based on the foregoing, the undersigned **RECOMMENDS** that: (1) *pro se* Plaintiff's federal claims be dismissed *sua sponte* under 28 U.S.C. § 1915(e) for failure to state a claim; (2) Defendant Sandy's motion for judgment on the pleadings (doc. 17) be **DENIED AS MOOT**; (3) the Court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims; and (4) this case be **TERMINATED** on the docket.

Date:  August 15, 2018  				s/ Michael J. Newman
							Michael J. Newman
							United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).