UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY MATTHEWS,

    Plaintiffs,

vs.

DAYTON POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 3:18-cv-26

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* ON APPEAL (DOC. 42) BE DENIED WITHOUT PREJUDICE**
___

This *pro se* civil case is before the Court on Plaintiff's motion to proceed *in forma pauperis* ("IFP") on appeal. Doc. 42. "[U]nder Rule 24(a), a non-prisoner who desires to appeal *in forma pauperis* must first file a motion seeking such relief with the district court." *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (citing Fed. R. App. P. 24). "With that motion, the individual must attach an affidavit showing in detail the information prescribed by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure[,]" namely, "information detailing the individual's ability to pay or give security for fees and costs; the right to redress; and the issues the party intends to present on appeal." *Id.*; *see also* Fed. R. App. P. 24(a)(1). "After this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal." *Id.*

Here, *pro se* Plaintiff has not complied with Appellate Rule 24 because, at the least, he has not identified the issues he intends to present on appeal as required by Appellate Rule 24(a)(1)(C).

___

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*See* doc. 42. Therefore, the undersigned is not able to determine whether he seeks to appeal in good faith. Accordingly, the undersigned **RECOMMENDS** that that *pro se* Plaintiff's motion for leave to appeal IFP (doc. 42) be **DENIED WITHOUT PREJUDICE** for failure to comply with Appellate Rule 24. *See Burney v. Warden*, No. 2:09-CV-731, 2010 WL 3365935, at *3 (S.D. Ohio Aug. 23, 2010); *United States v. Ayyubi*, No. 5:92CR0206, 2013 WL 4592023, at *2 (N.D. Ohio Aug. 26, 2013).

Date:  October 30, 2018                             s/ Michael J. Newman
                                                                                               Michael J. Newman
                                                                                               United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).